UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RON CARPENTER,<br>      Plaintiff,<br><br>v.<br><br><br>SAMUEL RIVERA, ROBERT JOHNSON,<br>MICHAEL MULVEY, GARY QUITADAMO,<br>JOHN DOES 1-5, GARY GEMME,<br>MICHAEL V. O'BRIEN, and<br>THE CITY OF WORCESTER,<br>      Defendants. | CIVIL ACTION<br>NO. 10-40233-TSH |

**MEMORANDUM OF DECISION AND ORDER**
**September 30, 2014**

**HILLMAN, D.J.**

**Background**

Ron Carpenter ("Carpenter" or "Plaintiff") filed a federal civil rights claim under 42 U.S.C. §1983 against Worcester Policer Officers Samuel Rivera, Robert Johnson, Michael Mulvey, Sergant Gary Quitadamo, Chief of Police Gary Gemme, City Manager Michael O'Brien and the City of Worcester ("City")(collectively,"Defendants") under 42 U.S.C. §1983 for violation of his Fourth and Fourteenth Amendment rights. Carpenter also filed Massachusetts state law claims against the individual officers for violation of the Massachusetts Civil Rights Act ("MCRA"), Mass.Gen.L. ch. 12, §§11I and tort law claims for assault and

battery, false arrest and false imprisonment, intentional infliction of emotional distress, and conspiracy.

On August 29, 2013, the Court allowed Defendants' motion for summary judgmnent; judgment was entered in favor of the Defendants. *See Memorandum Of Decision And Order On Defts' Mot. For Sum. J. (Docket No. 35) And Related Motions (Docket Nos. 53 &65)*(Docket No. 67)("Order"); Judgment (Docket No. 68). On September 26, 2013, Carpenter filed Plaintiff's Motion For Reconsideration And For Relief From [68-9]Judgment Or To Alter Or Amend Judgment[Fed. R. Civ. P. 60 (B) (1), 59 (E)] (Docket No. 72)("Plaintiff's Motion"). In their opposition, Defendants' asserted that the motion must be denied as untimely. Thereafter, Plaintiff filed Plaintiff's Motion To Allow Late Filing Of [72] His Motion For Reconsideration [Fed.R.Civ.P. 6(1)(B)] (Docket No. 75).

This Order addresses Plaintiff's Motion and his motion for extension of the time for filing that motion. For the following reasons, both motions are denied.

## Discussion

In considering the Defendants' motion for summary judgment, I accepted Defendants' material statement of facts as true after striking the Plaintiff's responses to Defendants' statement of material facts and his own statement of additional material facts on the grounds that he never filed the exhibits he cited as evidence to support the disputed facts and/or factual assertions made therein. *Order.*, at pp. 4-6; *see also* Fed.R.Civ.P. 56(c) and this Court's L.R., D.Mass. 56.1.[1] Plaintiff has filed a motion to alter or amend the judgment pursuant to

---

[1] The Federal Rules of Civil Procedure provide that a party asserting that a fact is genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, affidavits, admissions, or other materials. Fed.R.Civ.P. 56(c). This Court's Local Rules provide that a party opposing summary judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.

Fed.R.Civ.P. 59(e) or, in the alternative, for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) in which he requests that the Court: vacate the judgment that was entered in favor of the Defendants, allow him to file his exhibits late, and reconsider the Defendants' motion for summary judgment.

*Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) and Plaintiff's Motion to Extend Time to File*

Rule 59(e) provides that "[a] motion to alter or amend a judgment *must* be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e)(emphasis added). Before addressing the merits of Plaintiff's Rule 59(e) motion, the Court must first address Defendants' argument that the motion must be denied as untimely, because it was filed 29 days after the entry of judgment.

Judgment in this case was entered on August 29, 2013. Plaintiff filed his motion for reconsideration on September 26, 2013, at 6:06 p.m. Under this Court's Local Rules, all electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day. *See* L.R., D.Mass. 5.4. Therefore, Plaintiff's motion is deemed filed on September 27, 2013. In his motion to extend time, Plaintiff acknowledges that the motion was filed after the 6:00 p.m. deadline, but notes that it was only six minutes late and was the result of his initial filing having been rejected by the system.

Plaintiff's motion was filed on the 29th day following the entry of judgment. Therefore, the motion is untimely. Furthermore, the Court is without power to extend the deadline beyond the time provided in the rule. *See Grandoit v. Robinson*, C.A. No. 11–11404–JLT, 2013 WL 6488506 (D.Mass. Dec. 5, 2013)(given plain meaning of Rule

---

*Copies of all referenced documentation shall be filed as exhibits to the ... opposition*." L.R., D.Mass. 56.1 (emphasis added).

6(b)(2), court lacks discretion to extend the twenty-eight day deadline for filing a motion under Rule 59(e)). Accordingly, Plaintiff's motion to extend the time for filing his Rule 59(b) motion is *denied*, and his Rule 59(e) motion is denied as untimely.[2]

### *Plaintiff's Motion For Relief From Judgment Pursuant To Rule 60(b)*

A motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1)(mistake, inadvertence, surprise, or excusable neglect), must be filed within a reasonable time after entry of judgment, but not later than one year. I do not find that filing the motion 29 days after entry of judgment was unreasonable and for that reason, I find that as to his request for relief under Rule 60(b)(1), the Plaintiff's motion was timely. Therefore, I will focus the discussion on whether Plaintiff has established the existence of excusable neglect such that the judgment should be vacated.

### *Relevant Facts*

The Court's Order on Defendants' motion for summary judgment sets out in detail the background facts relating to Plaintiff's failure to file the exhibits relevant to his opposition and I will not repeat those facts here, but will offer a brief summary. *See Order*, at pp. 4-6. At the time that Defendants filed their motion for summary judgment in this case, Plaintiff's counsel had another case against the City pending in this Court-- *Rosenthal v. City of Worcester*, 11-40113-TSH. While Defendants' motion for summary judgment was pending, the plaintiff

---

[2] As Plaintiff points out, in the very Order that he asks this Court to reconsider, counsel was chastised for regularly filing electronic submissions in this Court after 6:00 p.m. on the date on which such submissions are due. Despite the warning levied by the Court in that Order, Plaintiff's counsel electronically filed the motion for reconsideration after 6:00 p.m. Counsel attempts to excuse the late filing by representing that the system rejected his initial filing attempt made before 6:00 p.m. However, giving the pointed admonition in the Order, counsel's failure to timely file the motion exhibits a disrespect for this Court's orders and rules. Accordingly, even if the Court had the power to extend the deadline, I would not find that Plaintiff has established cause for doing so. While it belabors the point to express the obvious, had counsel not waited until the last possible minute to attempt his filing, a "glitch" in the system would not have resulted in it being late.

in *Rosenthal* was responding to a request from the Court to submit an offer of proof regarding his supervisory claims and his claims against the City under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018 (1978). On January 16, 2013, Plaintiff's counsel filed 59 exhibits in the *Rosenthal* case in support of an offer of proof. *See Rosenthal v. City of Worcester*, 11-40113-TSH, at Docket Nos. 42-44 (sealed). In a motion for leave to seal those exhibits, Rosenthal's counsel (also Plaintiff's counsel) stated: "The offer and supporting exhibits are *substantially* the same as documents the undersigned counsel expect to file this date for a different client in another action, *Carpenter v. Rivera et al.* U.S. District Court, (Mass.) Docket No. 10-40233- TSH. In *Carpenter* the materials will be filed in opposition to a summary judgment motion." *Id.*, at Docket No. 40 (emphasis added). On January 17, 2013, Plaintiff filed *Pl's Responses To Defs' Statement of Facts And Pls' Statement of Add'l Material Facts* (Docket No. 52)("*Pls Resp*.") in this case. Two exhibits were included with the filing, but reference is made within the documents to 55 exhibits. *See* Docket No. 52 (sealed). Plaintiff's counsel was advised at the hearing on Defendants' motion for summary judgment that the Court did not have the exhibits which were purportedly attached to *Pl's Resp.* After the hearing, Plaintiff never filed the referenced exhibits with the Court; therefore, when deciding the Defendants' motion for summary judgment, the Court struck *Pl's Resp.* and treated Defendants statement of material facts as undisputed.

On January 14, 2013, Plaintiff's counsel delivered to the Court a CD-ROM disc containing digital .pdf files of *Pl's Resp.* and the related exhibits. Plaintiff's counsel was called by the Clerk's Office that day, or the day after, and informed that the submissions exceeded the size limit for electronic documents filed with the Court. *Aff. of Robert A. Scott*, attached to *Plaintiff's Mot.*, at ¶6. After learning that "exhibits filing exceeded file size limits

plaintiff's counsel reduced the file sized [sic] and created new discs with the reduced files." *Plaintiff's Mot.*, at ¶¶ 4,5.[3] Plaintiff 's counsel did not realize prior to the hearing on the motion for summary judgment that as far as the Court was concerned, no exhibits had been filed. *Id.*, at ¶7. "At that time, counsel had forgotten that a second filing had been necessary and was confident that indeed the exhibits had been filed and that, at worst, he had mistakenly filed them in the *Rosenthal* case." *Id.*, at ¶ 8.[4]

*Whether Relief Is Warranted In This Case*

Relief may be granted under Rule 60(b)(1):

[O]nly if the judgment resulted from "excusable neglect." The Supreme Court has construed "excusable neglect" as "a somewhat 'elastic concept' ... not limited strictly to omissions caused by circumstances beyond control of the movant." In the context of Rule 60(b)(1), the Court has held that the term encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence."

The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Factors to be considered are:

the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Deo-Agbasi v. Parthenon Grp.,* 229 F.R.D. 348, 350-51 (D.Mass. 2005)(internal citations and citation to quoted authority omitted).

The Court, of course, must also consider the alleged reason for the negligent act or omission, and "[w]ithin the constellation of relevant factors, the most important is the reason

---
[3] While I have accepted these facts as true, I will note that the Court would generally expect to see docket entries which would reflect that a filing was made on January 14, 2013; no such docket entries exist.

[4] Frankly, the Court is unclear as to the time period being referenced by counsel when he states "At that time," that is, it is unclear whether he means he forgot that he had to file new discs of reduced file size in this case after being informed by the Clerk's Office of a problem on or about January 14, 2013, or that he forgot to file the exhibits with the Court after being informed at the hearing that they had never been filed.

for the particular oversight. 'At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable.' This is especially true when the question of excusable neglect arises out of a party's delay in presenting available evidence to the court." *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38-39 (1st Cir. 2013); *see also Rivera-Velazquez v. The Hartford Steam Boiler Inspection and Ins. Co.*, 750 F.3d 1 (1st Cir. 2014). It is of no matter that the neglect can in no way be attributed to the client-- clients are held accountable for the acts and omissions of counsel. *Deo-Agbasi*, 229 F.R.D. at 351.

I find that Plaintiff has failed to establish excusable neglect. The initial filing of the exhibits was within counsel's control. It appears that counsel simply filed the wrong documents in this case, that is, he presented the Court with a disc that contained 2 exhibits rather than the 55 exhibits referenced in Plaintiff's opposition papers. His suggestion that he thought that he had filed the proper exhibits in this case, or that he mistakenly filed them in the *Rosenthal* case holds little sway. At the hearing on Defendants' motion for summary judgment, counsel was informed that he had not filed the supporting exhibits with *Pl's Resp.* It was suggested by the Court that counsel may have inadvertently filed them in the *Rosenthal* case. Having been advised of his error, counsel took no action to remedy his mistake: Despite the Court not issuing its Order for some months after the hearing, Plaintiff *never* filed the missing exhibits during the pendency of Defendants' summary judgment motion[5]. Furthermore, after a review of the record, it is clear to the Court that the 59 Exhibits filed in *Rosenthal* case were intended to be filed in that case, *i.e.*, the exhibits for this case were not

---

[5] Plaintiff filed a disc with the Court containing the exhibits on September 26, 2013. *See* Docket No. 74 (sealed).

mistakenly filed in the *Rosenthal* case. Moreover, counsel stated in a filing in the *Rosenthal* case that he intended to make *substantially similar* filings in the two cases. Given that the filings were not identical, the Court could not, on its own initiative, simply replace the exhibits that were wrongly filed in this case with those exhibits filed in the *Rosenthal* case.

Plaintiff's failure to file the proper exhibits came after he had been granted two extensions to file his opposition to Defendants' summary judgment motion. Furthermore, his failure to file the exhibits resulted in an unwarranted waste of judicial resources as the Court was required to spend an inordinate amount of time investigating this matter in an attempt to determine the circumstances of the missing exhibits. Simply put, counsel has failed to offer any justifiable reason for failing to have filed the missing exhibits prior to the Court's deciding Defendants' motion for summary judgment. While his inability to properly file the exhibits and the resultant confusion caused thereby has not resulted in any apparent prejudice to the Defendants, it has unduly burdened the Court and delayed the proceedings. Under the totality of the circumstances of this case, I do not find that the equities favor vacating the judgment. Therefore, Plaintiff's motion to vacate the judgment under Rule 60(b)(1) on the ground of excusable neglect is *denied*.[6]

---

[6] The Court takes no satisfaction from this ruling, however, given the factual circumstances and the applicable legal standards, I believe that it is the appropriate one. I will note that having reviewed the Plaintiff's factual assertions and his alleged supporting evidence, in all likelihood, the Court would have been compelled to find that summary judgment should enter for the Defendants in any event. I so find because Plaintiff cannot identify any individual police officer at the scene of the underlying events (the affidavit of Leslie Roman, which conflicts with her deposition testimony, would not be admissible on this issue) and there is substantial contradictory evidence to establish that the events did not occur as he or Ms. Roman asserts.

## **Conclusion**

It is hereby Ordered that:

1. Plaintiff's Motion For Reconsideration And For Relief From [68-9] Judgment Or To Alter Or Amend Judgment [Fed.R.Civ. P 60(b)(1), 59(e)] (Docket No. 72) is ***denied***; and

2. Plaintiff's Motion To Allow Late Filing Of [72] His Motion For Reconsideration [Fed.R.Civ.P. 6(1)(B)] (Docket No. 75) is ***denied***.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**